OPINION
Appellant Cathie I. Hiltbrand appeals a judgment of the Tuscarawas County Common Pleas Court, Domestic Relations Division, finding her in contempt of court for failing to return two items of personal property to appellee Jacob Hiltbrand following the dissolution of the parties' marriage:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN FINDING APPELLANT IN CIVIL CONTEMPT OF COURT WHERE THE FINDINGS OF THE TRIAL COURT WERE NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO AN INDEFINITE TERM OF INCARCERATION FOR CIVIL CONTEMPT OF COURT AS APPELLANT WILL NOT BE ABLE TO PURGE HERSELF OF THAT CONTEMPT.
The parties' marriage was dissolved in 1992. Appellant was ordered to return to appellee certain items of personal property, including a blanket chest, purchased by appellee's mother at an auction in 1979, and a pocket watch, which was given to appellee by his father. On November 13, 1998, appellee filed a motion for contempt. A magistrate conducted a hearing on the motion on February 7, 2000. Following the hearing, the magistrate found that the blanket chest and the pocket watch were in the marital residence when appellee departed in September of 1992, and were not there when he moved back into the residence in October of 1994. The magistrate therefore found that the blanket chest and the pocket watch were either disposed of or taken by appellant when she left the marital residence. The court adopted the findings of fact of the magistrate, overruled all objections, and found appellant in contempt of court. He sentenced her to serve an indefinite term of incarceration until she complied with the prior order of the court, giving her an opportunity to purge by delivering the blanket chest to the office of appellee's attorney, and paying $100 for the pocket watch, which is not in her possession.
 I
Appellant argues that the findings of the court are against the manifest weight of the evidence. Specifically, she argues that the finding of fact that she either disposed of the items or had them in her possession, is internally inconsistent. She argues that it is impossible for the court to find that she violated the order to return the property, when the judgment finds as a fact that she may not have had the items in her possession to return. As to the pocket watch, the court recognized that she did not have the pocket watch in her possession any longer, and allowed her the opportunity to purge the contempt by paying the fair market value of the watch. As to the blanket chest, appellant did not testify that she did not have the blanket chest in her possession. She testified that she had purchased a Fruchy chest in 1978, which she took with her when she left. Appellee claimed that the chest purchased at the Fruchy auction was purchased by his mother, and given to him as a gift. Appellant acknowledged that she had the blanket chest from the Fruchy auction, but claimed that she wrote a check for over $1000 of furniture which she purchased at the auction. Tr. 28. However, she did not have a receipt, or any itemization of what she purchased at the auction. Therefore, it is clear from the evidence that she has a blanket chest in her possession which was purchased at the Fruchy estate auction. The court ordered her to provide the blanket chest purchased at the Fruchy auction to appellee by delivering it to his attorney's office. The judgment is not against the manifest weight of the evidence, as she admits she had this blanket chest in her possession, and the only dispute was over who originally purchased it. The first assignment of error is overruled.
 II
Appellant argues that she had no opportunity to purge as to the blanket chest, as she may not have the item in her possession and cannot return it. Again, as noted above, appellant admitted that she had a chest from the Fruchy auction in her possession, but claimed that she had paid for it, and not appellee's mother. The court ordered her to turn over this chest which is in her possession. Therefore, she has an adequate opportunity to purge the contempt. The second assignment of error is overruled.
The judgment of the Tuscarawas County Common Pleas Court, Domestic Relations Division, is affirmed.
 ________ Gwin, J.
Edwards, P.J., and Farmer, J., concur.